IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                                          Criminal No. 3:13CR213

TROY PARKER

## MEMORANDUM OPINION

Troy Parker, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 49).[1]  Parker contends the Court committed procedural error during his sentencing.  Specifically, Parker demands relief because:

> Claim One: "Procedural error, in violation of the laws of the United States; [s]pecifically Title 18 U.S.C. § 3553(c)(2)[.]  The Court failed to give a reasonable written explanation for the upward variance." (Id. at 4.)

The Government has responded, asserting that Parker's claim is procedurally defaulted and lacks merit.  (ECF No. 54.)  Parker has filed a Reply.  (ECF No. 56.)  For the reasons set forth below, Parker's § 2255 Motion (ECF No. 49) will be denied.

## I.  PROCEDURAL HISTORY

On December 3, 2013, a grand jury charged Parker with one count of sex trafficking of children, in violation of 18 U.S.C.

---

[1] The Court employs the pagination assigned to Parker's submissions by the CM/ECF docketing system.

§ 1591(a)(1).  (Indictment 1, ECF No. 1.)  On February 12, 2014, Parker entered into a Plea Agreement, in which he agreed to plead guilty to the one-count Indictment.  (Plea Agreement ¶ 1, ECF No. 19.)  The Plea Agreement indicated that Parker faced a mandatory minimum sentence of ten years, and a maximum term of life imprisonment.  (Id.)

Prior to sentencing, the Probation Officer prepared a Pre-Sentence Investigation Report ("PSR," ECF No. 24).  With a total offense level of 29, and a Criminal History Category II, Parker's Sentencing Guidelines range called for 97 to 121 months of incarceration.  (Id. Wksht. D, at 1.)  Because of the ten-year mandatory minimum sentence, Parker's restricted range was 120 to 121 months.  (Id.)  With respect to factors that may warrant a departure, the Probation Officer stated:

> The Probation Officer has no information concerning the offense which would warrant a departure from the prescribed sentencing guidelines.  However, according to U.S.S.G. § 4A1.3, an upward departure may be warranted based upon the defendant's Criminal History Category not adequately reflecting the seriousness of his past criminal conduct.  The Probation Officer recommends such an upward departure.

(Id. ¶ 76.)

On May 8, 2014, the Government filed a Motion for Variance Sentence, requesting that the Court impose a variant sentence of 144 months.  (ECF No. 26, at 1.)  The Government argued that

2

"[t]he advisory guideline range of 120-121 months does not take into account the majority of the defendant's criminal history, and therefore, does not appropriately represent an adequate sentence for the defendant compared with similarly situated persons."  (Id. at 6.)

At Parker's sentencing hearing, the Court found it "appropriate to grant a variance." (May 29, 2014 Tr. 16, ECF No. 42.)  The Court noted that "had all of the defendant's convictions been counted, he would have been classified as a Career Offender with a Guidelines Advisory Range of 188 to 235 months." (May 29, 2014 Tr. 19-20.)  The Court concluded "that the appropriate way to look at the defendant's history and his background is to consider him as if he were a Career Offender, and that provides the Guidelines Range that would be appropriate to impose in this case." (May 29, 2014 Tr. 21.)

On May 29, 2014, the Court entered judgment against Parker and sentenced him to 188 months of imprisonment.  (J. 2, ECF No. 2.)  Despite his appellate waiver in his Plea Agreement, Parker filed a Notice of Appeal.  (ECF No. 37.)  On appeal, Parker argued:  (1) that the Court erred by imposing "an upward variance even though the Guidelines adequately dealt with the nature of the offense," Opening Br. of Appellant at 2, United

3

States v. Parker, No. 14-4549 (4th Cir. filed Oct. 14, 2014);[2]
(2) that the Court "erred by not considering the variance and
departure provisions required by Gall v. United States, 552 U.S.
38 (2007)" (id.); and, (3) that "the Government breached the
implied contract term of good faith in the plea agreement by
asking for an upward variance" (id.).  On December 17, 2014, the
United States Court of Appeals for the Fourth Circuit granted
the Government's motion to dismiss Parker's appeal based upon
the appeal waiver included in the Plea Agreement, and dismissed
the appeal.  (See ECF No. 45, at 1.)   The Supreme Court of the
United States denied Parker's petition for a writ of certiorari
on March 23, 2015.   Parker v. United States, 135 S. Ct. 1571
(2015).

## II.  ANALYSIS

As his sole claim for relief, Parker states:   "Procedural
error, in violation of the laws of the United States;
[s]pecifically Title 18 U.S.C. § 3553(c)(2)[.]   The Court failed
to give a reasonable written explanation for the upward
variance." (§ 2255 Mot. 4.)  Specifically, Parker alleges:

> The District Court's explanation of the above-
> Guidelines sentence was insufficient as a procedural
> matter under § 3553(c)(2).

---

[2] The Court corrects the capitalization and omits the
emphasis in the quotations from this document.

account for the described criminal conduct.  Nor did
the District Court offer any factual findings about
petitioner-no information regarding his history or
characteristics     beyond     that     captured     in     the
description of his criminal conduct-on which it might
have relied to explain why the Guidelines do not fully
capture Petitioner's criminal behavior.
     Moreover,      the      District      Court's      in-court
explanation of the sentence included no findings with
respect to petitioner's victim that the [C]ourt might
have used to explain why petitioner's behavior was not
fully accounted for by the recommended Guidelines
range.

(Mem. Supp. § 2255 Mot. 6-7, ECF No. 50.)

The Government argues that Parker's claim is foreclosed by

the Fourth Circuit's decision in United States v. Linder, 552

F.3d 391 (4th Cir. 2009).  The Court agrees.  In Linder, the

defendant "knowingly and voluntarily waived his right to a

direct appeal of his conviction and sentence . . . ."  Id. at

392.  Nevertheless, Linder appealed, raising a challenge to his

sentence under United States v. Booker, 543 U.S. 220 (2005), and

Blakely v. Washington, 542 U.S. 296 (2004).  Linder, 552 F.3d at

393, 394.  On appeal, "the Government invoked the appeal waiver

in Linder's plea agreement, and [the Fourth Circuit] dismissed

Linder's appeal . . ., concluding that Linder waived his right

to appeal and that the waiver included any challenges under

Blakely or Booker."  Id. at 394 (citing United States v. Linder,

174 F. App'x 174, 175 (4th Cir. 2006)).

5

Subsequently, Linder filed a Memorandum in Aid of Sentencing in the district court, requesting that the court, "in light of Booker, 'vacate the sentence of 262 months and impose the Court[']s alternative sentence of 120 months.'" Id. at 394 (alteration in original) (citation omitted). The court construed Linder's motion as one brought under § 2255 and denied relief. Id. at 395. On appeal, the Fourth Circuit concluded that "Linder may not circumvent a proper ruling on his Booker challenge on direct appeal by re-raising the same challenge in a § 2255 motion." Id. at 396 (citations omitted).

Parker acknowledges that he raised this claim on direct appeal, but that the claim "wasn't reviewed on the merits, due to the waiver of petitioner's appell[ate] rights." (Reply 2.) By raising this claim on collateral review, Parker "once again seeks to escape the terms of his plea agreement." Linder, 552 F.3d at 392. However, Parker "simply may not avoid the consequences of his knowing and voluntary appeal waiver and [the Fourth Circuit's] prior judgment by re-raising his . . . claim on collateral review." Id.; see United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) ("It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992))). Thus,

Parker's claim for relief is barred from review here, and Parker fails to direct the Court to an intervening change in the law that would warrant its reconsideration. <u>Linder</u>, 552 F.3d at 396-97 (citations omitted); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, Claim One will be dismissed.

### III. CONCLUSION

For the foregoing reasons, Parker's § 2255 Motion (ECF No. 49) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Parker and counsel of record.

It is so ORDERED.

/s/ <u>REP</u>

Robert E. Payne
Senior United States District Judge

Date: November 9, 2016
Richmond, Virginia

7